**Christopher OKWUOSA, Plaintiff—Appellant,**

v.

**EMPLOYMENT DEVELOPMENT DEPARTMENT (EDD); et al., Defendants—Appellees.**

Christopher Okwuosa, Plaintiff—
Appellee,

v.

Employment Development Department
(EDD);  et al., Defendants—
Appellants,

and

State of California, Defendant.

Nos. 03–17236, 04–16154.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2005.

Decided July 20, 2005.

---

Patricia Tsubokawa Reeves, Esq., Reeves & Associates, Sacramento, CA, for Plaintiff–Appellant and Plaintiff–Appellee.

David Ira Bass, Esq., Office of the California Attorney General, Department of Justice, Sacramento, CA, for Defendants–Appellees and Defendants–Appellants.

Before: SILVERMAN, WARDLAW, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Christopher Okwuosa appeals the district court's grant of summary judgment in favor of the California Employment Development Department ("EDD") and several of its officials (collectively "Defendants") on his claims of unlawful discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1983 and 1985. In a separate appeal, Defendants challenge the district court's denial of their motion for attorneys' fees under section 706(k) of Title VII and 42 U.S.C. § 1988. We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm.

■ 1. The district court properly granted summary judgment in favor of Defendants on Okwuosa's Title VII claim that he suffered discrimination on the basis of his race and national origin when he was not promoted between 1990 and 2000.[1] To establish a prima facie case of discrimination with respect to his failure-to-promote claim, Okwuosa must show that (1) he belongs to a statutorily protected class; (2) he applied for and was qualified for an available position; (3) he was rejected despite his qualifications; and (4) after the rejection, the position remained available and the employer continued to review applicants possessing comparable qualifications. *Lyons v. England,* 307 F.3d 1092, 1112 (9th Cir.2002). Okwuosa failed to present any evidence that he applied for an Associate Management Auditor ("AMA") position before his 2001 AMA promotion, or that after his rejection from an AMA position, the position remained available and the EDD continued to review applicants possessing comparable qualifications. Therefore, Okwuosa failed to establish a prima facie case of discrimination based on failure to promote. *See Carmen v. San Francisco Unified School Dist.,* 237 F.3d 1026, 1029 (9th Cir.2001) ("[W]hatever establishes a genuine issue of fact must *both* be in the district court file *and* set forth in the response."). The district court thus correctly granted Defendants' motion for summary judgment on that claim. *See Lyons,* 307 F.3d at 1113 ("A plaintiff's failure to offer evidence establishing a necessary element of his *prima facie* case will

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review the district court's order granting summary judgment de novo. *Porter v.*

*Cal. Dept. of Corr.,* 383 F.3d 1018, 1024 (9th Cir.2004). We must determine, viewing the evidence in the light most favorable to Okwuosa, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. *Id.*

ordinarily be fatal to his claim."); *Yartzoff v. Thomas,* 809 F.2d 1371, 1374 (9th Cir. 1987) ("[F]ailure to allege 'specific facts' sufficient to establish the existence of a prima facie case renders a grant of summary judgment appropriate.").

■ 2. The district court also properly granted summary judgment in favor of Defendants on Okwuosa's Title VII discrimination claim based on his rejection from the AMA position at the conclusion of his probationary period. To establish a prima facie case of discrimination on this claim, Okwuosa must establish that (1) he belongs to a protected class; (2) he was performing according to EDD's legitimate expectations; (3) he suffered an adverse employment action; and (4) other employees with qualifications similar to his own were treated more favorably. *See Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir.1998). Again, Okwuosa presented no evidence that other employees with qualifications similar to his own were treated more favorably than he.

Okwuosa did argue that a white employee named Kevin Fiona was promoted from Student Assistant to Staff Services Management Auditor ("SSMA") without first serving a probationary period. The SSMA position, however, is a level below the AMA position, as demonstrated by the fact that Okwuosa held a SSMA position for over ten years while awaiting promotion to an AMA position. Therefore, Fiona was not similarly situated to Okwuosa. *See Vasquez v. County of Los Angeles,* 349 F.3d 634, 641 (9th Cir.2003) ("[I]ndividuals are similarly situated when they have similar jobs and display similar conduct.").

Okwuosa also argued that Russell Wong, who was promoted alongside him in 2001, was treated more favorably because Wong did not have to report to different supervisors, his probationary period was not extended, and he did not have projects taken away from him only to be criticized for failing to complete them. However, Okwuosa's rejection while on AMA probation is the adverse employment action challenged by Okwuosa. Like Okwuosa, Wong was rejected while on AMA probation. Therefore, he was not treated more favorably than Okwuosa.

Because Okwuosa failed to establish a prima facie case of discrimination based on rejection on probation, summary judgment was appropriate.

3. A plaintiff who fails to establish intentional discrimination for purposes of Title VII also fails to establish intentional discrimination for purposes of 42 U.S.C. § 1983. *Sischo–Nownejad v. Merced Cmty. Coll. Dist.,* 934 F.2d 1104, 1112 (9th Cir.1991). Because Okwuosa failed to establish a prima facie case of discrimination for purposes of Title VII, the district court correctly granted summary judgment on Okwuosa's claim of unlawful discrimination on the basis of race and national origin under § 1983.

4. The district court also correctly granted summary judgment in favor of Defendants on Okwuosa's Title VII and § 1983 claims of unlawful harassment on the basis of race and national origin. To prevail on his harassment claims under Title VII and § 1983, Okwuosa must show that (1) he was subjected to verbal or physical conduct because of his race or national origin; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. *Vasquez,* 349 F.3d at 642. Okwuosa failed to present any evidence regarding his harassment claims. Indeed, he did not even mention his harassment claims or respond to Defendants' four-page discussion of those claims in their Memorandum of Points and Au-

thorities in Support of Their Motion for Summary Judgment. Therefore, the district court correctly granted Defendants' motion for summary judgment on these claims.

■ 5. The district court did not err by granting summary judgment in favor of Defendants on Okwuosa's Title VII and § 1983 unlawful retaliation claims. To make out a prima facie case of retaliation, Okwuosa must establish that (1) he undertook a protected activity; (2) his employer subjected him to an adverse employment action; and (3) there is a casual link between those two events. *Vasquez,* 349 F.3d at 646. Okwuosa claims that he was subjected to an adverse employment action when Cindy Halverstadt, the EDD reasonable accommodation coordinator, threw a chair at his representative, Brian Caldiera, during a meeting on June 20, 2002. Even assuming that the incident between Halverstadt and Caldiera constituted an adverse employment action, Okwuosa failed to show a causal link between that action and the protected activity he undertook. The protected activity—filing two complaints with the Equal Employment Opportunity Division of the EDD at the beginning of 2001—occurred almost a year-and-a-half before the alleged adverse action, and Okwuosa has not provided any evidence of surrounding circumstances that show a retaliatory motive. *See id.* (holding that Vasquez failed to show the necessary causal link because the protected activity occurred thirteen months prior to the alleged adverse action and he provided no evidence of surrounding circumstances that showed a retaliatory motive). Therefore, summary judgment on Okwuosa's retaliation claims was appropriate.

6. Okwuosa seeks relief under 42 U.S.C. § 1985 for the same discriminatory, harassing, and retaliatory acts alleged in his Title VII and § 1983 claims. "[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Caldeira v. County of Kauai,* 866 F.2d 1175, 1182 (9th Cir.1989); *see also Cassettari v. Nevada County,* 824 F.2d 735, 739 (9th Cir.1987). Therefore, the district court correctly granted summary judgment in favor of Defendants on Okwuosa's conspiracy claim under § 1985.

■ 7. Finally, the district court did not abuse its discretion by denying Defendants' motion for attorneys' fees under section 706(k) of Title VII and 42 U.S.C. § 1988.[2] Section 706(k) of Title VII provides that "[i]n any action or proceeding under this title the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 2000e–5(k). Similarly, 42 U.S.C. § 1988 provides that "[i]n any action or proceeding to enforce a provision of [§ 1983 or § 1985], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 1988(b). Standards for an award of fees under 42 U.S.C. § 1988 are the same as those under 42 U.S.C. § 2000e–5(k). *Proctor v. Consolidated Freightways Corp. of Delaware,* 795 F.2d 1472, 1478 (9th Cir.1986). A district court may in its discretion award attorneys' fees to a prevailing defendant in a Title VII, § 1983, or § 1985 case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54

---

2. We review the district court's order denying attorneys' fees for an abuse of discretion. *Corder v. Gates,* 947 F.2d 374, 377 (9th Cir. 1991). The district court's decision may be overturned only if it is based on an inaccurate view of the law or a clearly erroneous finding of fact. *Id.*

L.Ed.2d 648 (1978). The district court did not abuse its discretion in finding that Okwuosa's claims were not frivolous, unreasonable, without foundation, or brought in bad faith.

AFFIRMED.